# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KARL HUGH ROBERTS, | ) |
| Movant, | ) |
| v. | ) No. 4:00-CV-1431 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Karl Hugh Roberts' motion for relief from judgment pursuant to Federal Rule of Civil Procedure Rule 60(b). The government has responded to the motion and Roberts has filed a reply. For the following reasons, the Court will dismiss the motion.

**Background**.

On May 22, 1997, Roberts was indicted on one count of manufacturing and distributing in excess of one kilogram of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, along with co-defendants Rory Fred Vogelsang, Michael Allen Roberts and Susan Renee Hendrickson. Vogelsang and Michael Allen Roberts pleaded guilty to the charges on September 8, 1997, and Hendrickson later pleaded guilty to a superseding indictment on April 3, 1998. Roberts chose to go to trial, and the jury found him guilty on September 10, 1997. At trial, Roberts' counsel and the government stipulated, inter alia, that "the quantity of methamphetamine involved in the conspiracy is 9.2 kilograms."

The Presentence Investigation Report recommended a base offense level computation of 34 as a result of a drug quantity of 9.2 kilograms, under United States Sentencing Guidelines Manual § 2D1.1(a)(3) (1995) and the Drug Quantity Table. On October 31, 1997, Roberts' trial counsel filed an acceptance to the presentence report. On January 26, 1998, Roberts' trial counsel moved to withdraw, and the Court granted the motion and appointed Eric W. Butts as counsel for Roberts. On April 24, 1998, the Court sentenced Roberts to 240 months imprisonment followed by a five-year term of supervised release.

On direct appeal, Roberts argued one issue: that the Court erred in sentencing him based on a drug quantity of 9.2 kilograms of methamphetamine. The Eighth Circuit affirmed on the grounds that Roberts stipulated at trial that 9.2 kilograms were involved in the charged conspiracy, did not challenge the presentence report, and did not challenge the report at sentencing. United States v. Roberts, 187 F.3d 644 (Table); 1999 WL 615448; No. 98-2313 (8th Cir. Aug. 11, 1990) (unpublished per curiam). Roberts did not file a petition for a writ of certiorari with the United States Supreme Court.

On September 7, 2000, Roberts filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Roberts asserted eight claims, including that (1) his trial counsel was ineffective for stipulating that the amount of methamphetamine involved in the conspiracy was 9.2 kilograms, and (2) the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), rendered his sentence constitutionally infirm because it exceeded the statutory maximum authorized by 21 U.S.C. § 841(b)(1)(D) as the government did not present to the jury the factual issue whether the methamphetamine at issue in the case was a Schedule II or Schedule III controlled substance.

2

On July 31, 2003, the Court issued a memorandum and order which denied Roberts' motion to vacate, set aside or correct sentence under § 2255. Roberts appealed the denial to the Eighth Circuit. On January 28, 2004, the Eighth Circuit denied Roberts' application for a certificate of appealability and dismissed the appeal. Roberts filed a petition for rehearing and for rehearing en banc, which the Eighth Circuit denied on March 24, 2004.

**Discussion**.

Roberts' primary assertion is that this Court erred in denying his motion under § 2255 on the Apprendi and ineffective assistance of counsel claims, because allegations concerning drug quantity were not submitted to the jury or found beyond a reasonable doubt, and an intervening change in the law justifies the reopening of his § 2255 motion so that the Apprendi claim can be reached on the merits. Roberts contends that the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and Booker v. United States, 543 U.S. 220 (2005), are retroactive, and that under Blakely and Booker his 240 month sentence is illegal because allegations supporting the drug quantity were not submitted to the jury. Roberts also contends that the Supreme Court authorized the use of a motion under Rule 60(b) to attack the integrity of a § 2255 proceeding in circumstances such as those presented by his motion, citing Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005).

A prisoner in custody pursuant to a federal sentence may move the sentencing court to vacate, set aside or correct a sentence pursuant to § 2255 on the grounds that he was convicted or sentenced in violation of federal law. See 28 U.S.C. § 2255. Any challenge to the legality of a conviction or sentence imposed on a federal prisoner must be brought in a motion under § 2255. Id. A federal prisoner may file a second or successive motion under § 2255 only after obtaining authorization to do so from the appropriate United States Court of Appeals. Id.; see also 28 U.S.C. § 2244(b)(3).

3

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.) (per curiam), cert. denied, 545 U.S. 1135 (2005) (citing United States v. Patton, 309 F.3d 1093 (8th Cir.2002) (per curiam), and Boyd v. United States, 304 F.3d 813, 814 (8th Cir.2002) (per curiam)). The Eighth Circuit Court of Appeals has instructed district courts to conduct "a brief initial inquiry" to determine whether a Rule 60(b) motion is actually a second or successive habeas petition. Boyd, 304 F.3d at 814. "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." Id.

Rule 60(b) provides that a court may grant relief from a judgment for the following specified grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60. Roberts relies on Rules 60(b)(4) and 60(b)(6).

The gravamen of Roberts' motion is that his sentence violates federal law, although he attempts to characterize his motion as seeking to challenge a procedural ruling in his § 2255 motion within the context of Gonzalez, 125 S. Ct. at 2647-48 (Rule 60(b) motion should not be treated as

a successive habeas motion if it attacks the district court's previous resolution of a claim on procedural grounds). Roberts argues that an intervening change in this law, specifically the Supreme Court's <u>Blakely</u> and <u>Booker</u> decisions, requires the Court to address his <u>Apprendi</u> claim on the merits.

The Supreme Court specifically limited its holding in <u>Gonzalez</u> to the application of Rule 60(b) in habeas proceedings filed by state prisoners under 28 U.S.C. § 2254, <u>id.</u> at 2646 n.3, even though the provisions of §§ 2254 and 2255 concerning second or successive motions are "similar." <u>Id.</u> Nonetheless, this Court finds that the principles articulated in <u>Gonzalez</u> are applicable in this case, based on the similarities between the applicable rules and statutes. <u>Compare</u> 28 U.S.C. § 2254; Fed. R. Civ. P. 81(a)(2); and 28 U.S.C. §§ 2244(b)(1)-(3) <u>with</u> Rule 12, Rules Governing Section 2255 Proceedings for the U.S. District Courts; Fed. R. Civ. P. 81(a)(2); and 28 U.S.C. § 2255, para. 8.

In <u>Gonzalez</u>, the Supreme Court stated that when a motion contends a subsequent change in substantive law is a "reason justifying relief" under Rule 60(b)(6), such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. <u>Id.</u>, 125 S. Ct. at 2647. This is because a "habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to [the rules concerning second or successive habeas applications] would be 'inconsistent with' the statute." <u>Id.</u> Roberts' motion in this case asserts that a subsequent change in the substantive law renders this Court's judgment void under Rule 60(b)(4) and is a "reason justifying relief" under Rule 60(b)(6). Based on the Supreme Court's teaching in <u>Gonzalez</u>, the Court concludes that Roberts' motion under Rule 60(b) is actually a second and successive habeas petition under § 2255.

Moreover, Roberts' arguments that the Court should consider whether his sentence violates the "new rule" contained in the Supreme Court's decisions in <u>Blakely</u> and <u>Booker</u> are meritless. The

5

Eighth Circuit has held that "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings," Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (per curiam), and that Blakely does not apply retroactively on collateral review. United States v. Stoltz, 149 F. App'x 567, 2005 WL 2484417 (8th Cir. Oct. 10, 2005) (unpublished per curiam). Roberts' convictions became final for purposes of the retroactivity of new constitutional rules in 1990, when the time for petitioning the Supreme Court for a writ of certiorari elapsed. See Sup. Ct. R. 13(1); Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). Roberts' conviction was final several years before the Supreme Court issued its opinions in Blakely and Booker, and therefore these cases cannot benefit Roberts.

**Conclusion**.

For the foregoing reasons, Rule 60(b) does not provide Roberts with a means to challenge his sentence, because the relief he seeks is more properly brought as a second or successive § 2255 motion. Roberts did not obtain advance authorization from the Eighth Circuit Court of Appeals to file the instant motion, as required by federal law. See Lambros, 404 F.3d at 1037. As a result, the Court must dismiss the motion under Rule 60(b) for Roberts' failure to obtain authorization from the Court of Appeals. See Boyd, 304 F.3d at 814.

Accordingly,

**IT IS HEREBY ORDERED** that Karl Hugh Roberts' motion for relief under Rule 60(b), is **DISMISSED** for failure to obtain authorization from the Eighth Circuit Court of Appeals. [Doc. 25]

**IT IS FURTHER ORDERED** that Karl Hugh Roberts' motion to appoint counsel is **DENIED**. [Doc. 26]

                                                                              _____
                                                                              **CHARLES A. SHAW**
                                                                              **UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of January, 2007.